IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANG SHIHONG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SUPERVALU, INC., JEFF NOODLE, and PAMELA K. KNOUS, <br><br> Defendants. | Case No. 09-CIV-6258-DLC |

MOVANT THE SHIHONG GROUP'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

## TABLE OF CONTENTS

I. INTRODUCTION........................................................................................................2

II. LEGAL ARGUMENT .................................................................................................4

   A. The Shihong Group should be Appointed Lead Plaintiff......................................4

      1. Notice was Properly Published under the PSLRA..............................................4

      2. Movant should be Appointed Lead Plaintiff.......................................................4

          a. Movant has Moved for Appointment as Lead Plaintiff Within 60 Days of Publication of Notice.......................................................................................6

          b. Movant has the Largest Financial Interest in the Relief Sought.................6

          c. Movant Otherwise Satisfies the Requirements of Rule 23, Fed. R. Civ. P. 8

      1. The Claims of Movant are Typical of the Claims of other Members of the Class 9

      2. Movant will Fairly and Adequately Represent the Interests of the Class........ 10

   B. The Court should Approve Movant's Choice of Counsel ................................... 12

III. CONCLUSION ........................................................................................................ 12

Movant the Shihong Group – whose members include Sang Shihong ("Shihong") and David E. Werner ("Werner") -- ("Movant" or the "Shihong Group"), submits this Memorandum of Law in Support of its Motion seeking an Order from the Court: (1) appointing Movant the Shihong Group Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (the "PSLRA"); and (2) approving Movant's selection of the law firm of Federman & Sherwood as Lead Counsel;[1]

## I.    INTRODUCTION

This is a securities class action lawsuit alleging claims against SuperValu, Inc. ("SuperValu" or the "Company") and certain of its officers for violations of Section 10(b) and 20(a) of the Securities Exchange Act 1934, during the period April 23, 2009 through June 23, 2009 (the "Class Period").  The Complaint alleges that defendants disseminated unreasonable highly positive financial guidance for the Company's fiscal year 2010, in order to close a $1 billion promissory note offering in May 2009. Indeed, the Company's positive guidance on April 23, 2009 generated such interest in the Company that it was able to increase its planned $500 million promissory note offering

---

[1] The PSLRA permits any putative class member - - regardless of whether they have filed a complaint - - to move for appointment of lead plaintiff.  See 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Consequently, Movant is unable to identify those class members that may file competing motions and accordingly oppose this motion.  Courts have held that defendants do not have standing to object to lead plaintiff motions.  See, e.g., In re Waste Management, Inc. Sec. Litig., 128 F.Supp2d 401, 409 (S.D. Tex 2000).

to $1 billion. On May 7, 2009, the Company announced the completion of its $1 billion note offering, which was needed to retire existing outstanding indebtedness of the Company which was shortly coming due. Then, after the refinancing was complete, on June 24, 2009, the Company revealed that first quarter 2010 earnings would be substantially below expectations, and that the previous fiscal 2010 guidance would be updated in light of an unexpectedly poor first quarter. As a result, the price of Supervalu shares dropped almost 12% on very heavy trading volume.

Movant the Shihong Group is a suitable Lead Plaintiff and class representative in this action. Movant has satisfied the procedural requirements of the PSLRA. First, Movant is believed to be the moving class member or group of class members with the largest loss and therefore the most appropriate Lead Plaintiff. Movant purchased 500 shares of SuperValu common stock during the Class Period and suffered losses of $1,158.20 as a result of its transactions in SuperValu common stock.[2] Second, Movant satisfies the requirements of Rule 23, Fed. R. Civ. P. 23(a). Movant's claims are typical of those of the Class. Movant will also adequately represent the class. Movant will actively participate in and vigorously pursue this case and has selected and retained Federman & Sherwood to serve as Lead Counsel.

---

[2] Investor certifications and tables setting forth Movant's purchases and sales of SuperValu common stock during and after the Class Period, and losses, are attached as Exhibit A-D to the Declaration of William B. Federman ("Federman Declaration"), submitted contemporaneously herewith.

Thus, Movant the Shihong Group should be appointed Lead Plaintiff in this action on behalf of purchasers of SuperValu common stock during the Class Period and its choice of Lead Counsel should be approved.

## II. LEGAL ARGUMENT

### A. The Shihong Group should be Appointed Lead Plaintiff

#### 1. Notice was Properly Published under the PSLRA

On July 23, 2009, Roy Jacobs & Associates, the law firm that filed the first and only lawsuit, filed a notice pursuant to Section 21D(a)(3)(A)(i) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(A)(i), over a national newswire, *Globe Newswire*, advising putative members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the issuance of the notice. *See* Exhibit E to the Federman Declaration. The notice is sufficient and satisfies the requirements of Section 21D(a)(3)(i) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(i). *See Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996). National wire services have consistently been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6, 1997); *In re Nice Systems Sec. Litig.*, 188 F.R.D. 206, 215 (D. N.J. 1999; *Greebel v. FTP Software, Inc.*, 939 F. Supp. at 62-64.

#### 2. Movant should be Appointed Lead Plaintiff

The PSLRA, which became law December 22, 1995, amended the Exchange Act by adding new sections specifically addressing various matters relating to private

lawsuits brought thereunder. Specifically, the PSLRA establishes a procedure for the appointment of a "Lead Plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." §21D(a)(1), 15 U.S.C. §78u-4(a)(1).

The PSLRA provides that the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. §21D(a)(3)(A)(i), 15 U.S.C. §78u-4(a)(3)(A)(i). The notice pertaining to this lawsuit was timely published. See Exhibit E to the Federman Declaration.

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." §21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(B)(i).

The PSLRA directs the courts to presume, when appointing lead plaintiffs pursuant to this statute, that the most adequate plaintiff is the person or group of persons that:

1. has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];

2. in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class; and

3.     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The moving class member or group of class members with the largest financial stake in the litigation and who otherwise satisfies the requirements of Rule 23(a), Fed. R. Civ. P, is the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LcBranche & Co., Inc.*, 229 F.R.D. 395 (S.D.N.Y. 2004). As discussed below, Movant satisfies each of the criteria set forth above and is entitled to the presumption set forth in §21D(a)(3)(B)(iii)(I) of the Exchange Act (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)) that its members are the most adequate plaintiffs.

    a.     **Movant has Moved for Appointment as Lead Plaintiff Within 60 Days of Publication of Notice**

Movant has moved within the statutory 60-day period of the initial PSLRA notice of this lawsuit. This Motion contains the required certifications which set forth, *inter alia*, Movant's members' transactions in SuperValu securities during the Class Period, and indicate that Movant's members have reviewed the Complaint filed in this action and are willing to serve as representative parties on behalf of the class. *See* Exhibits A-B to Federman Declaration. Accordingly, Movant has satisfied this prong of the PSLRA's lead plaintiff criteria.

    b.     **Movant has the Largest Financial Interest in the Relief Sought**

Section 21D(a)(3)(iii)(I)(bb) of the PSLRA defines the most adequate plaintiff (presumptively) as the "person or group of persons" that, among other things, has "the largest financial interest in the relief sought by the class." §15 U.S.C. 78u-4(a)(3)(I)(bb). Courts have determined the largest financial interest by looking to (1) the number of

shares purchased during the class period; (2) the number of net shares purchased during the Class Period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Pirelli*, 229 F.R.D. at 404. However, some courts have determined that the financial loss is the most significant factor in determining the person or group of persons with the largest financial interest in the relief sought. *In re Vicuron Pharmaceuticals, Inc. Sec. Litig.*, 225 F.R.D. 508, 510 (E.D.Pa. 2004); *see e.g., In re Amb. Bus. Fin. Serv., Inc. Sec. Litig.*, 2004 WL 1221353 (E.D.Pa. 2001); *In re Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189 (E.D.Pa. 2001); *see Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 at *2 (S.D.N.Y. July 1, 2005) (appointing lead plaintiff based on largest claimed losses).

Section 21D(e)(2) of the PSLRA provides that a plaintiff's recoverable losses in any securities fraud class action shall be measured as:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

U.S.C. 78u-4(e)(2). If a plaintiff does not sell his securities within the 90-day period immediately following dissemination to the market of the information correcting the omissions and misstatements its losses are measured as follows:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. §78u-4(e)(1).

Under the above calculation, the Movant has suffered net losses of $1,158.20 from its members purchases of SuperValu common stock during the Class Period. *See* Exhibits A-D to the Federman Declaration. As of this filing, Movant is unaware of any motion for appointment as lead plaintiff by a class member that claims to have sustained greater financial losses in connection with the purchase and sale of SuperValu common stock during the Class Period. Nor has Movant received any notice that any potential applicant has greater financial losses resulting from purchases of SuperValu common stock during the Class Period.

Movant the Shihong Group believes that it has sustained greater financial losses in connection with the purchase and sale of SuperValu common stock during the Class Period than any competing lead plaintiff movant. Accordingly, Movant the Shihong Group has satisfied this prong of the PSLRA's prerequisites for appointment as Lead Plaintiff.

    **c.**    **Movant Otherwise Satisfies the Requirements of Rule 23, Fed. R. Civ. P.**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

    1.    the class is so numerous that joinder of all members is impracticable;

    2.    there are questions of law or fact common to the class;

    3.    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> 4. the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics and/or qualifications of the class representative. Accordingly, in adjudicating a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Fed. R. Civ. P. 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Pirelli*, 229 F.R.D. at 411-12; *In re Cavanaugh*, 306 F.3d at 730; *see, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *20; *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875, *7-8 (M.D. Fla. Feb. 6, 1997). As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), thereby justifying its appointment as Lead Plaintiff in this action.

### 1. The Claims of Movant are Typical of the Claims of other Members of the Class

Fed. R. Civ. P. 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)), *cert. denied*, 506 U.S. 1051 (1993)). Furthermore, factual variations among the claims of the class representatives and class members will not defeat "typicality":

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other

8

class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente,* 713 F.2d at 232 (citations omitted); *see also Hurd v. Monsanto Co.,* 164 F.R.D. 234, 239 (S.D. Ind. 1995).

Movant's claims are typical of, if not identical to, the claims of the other members of the class. Here, Movant's members purchased SuperValu common stock during the Class Period: (1) at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (2) were damaged by the alleged fraud. Thus, Movant's claims meet the typicality requirement, since questions of liability are common to all class members. *See In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citations omitted), *cert. dismissed sub nom., Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.,* 506 U.S. 1088 (1993).

### 2. Movant will Fairly and Adequately Represent the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party, "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978); *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.,* 122 F.R.D. 251, 257 (C.D. Cal. 1988); *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson,* 102 F.R.D. 457, 464 (N.D. Cal. 1983). So long as the Movant with the largest losses satisfies the typicality and adequacy requirements, it is

entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job. *Pirelli*, 229 F.R.D. at 411-12. Once the presumption is triggered the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job. *In re Cavanaugh*, 306 F.3d 732 and n.10. Movant will fairly and adequately represent the class.

First, counsel for the class is well-qualified. Movant has retained counsel with considerable experience in the prosecution of class action and federal securities law claims. *See* Federman & Sherwood resume attached to the Federman Declaration at Exhibit F.

Second, there are no potential conflicts between Movant and the interests of the absent class members. Movant's claims are typical of the claims of the rest of the class. All investors are aligned in the common interest of recovering their damages from Defendants. Movant has indicated that it will protect the interests of the class, as reflected in Movant's investor certifications. *See* Exhibit A-B to Federman Declaration. Moreover, having suffered the largest financial loss of all class members seeking to be appointed lead plaintiff in the action, Movant has a strong incentive to pursue this action vigorously on behalf of the entire class.

In short, Movant would adequately represent the putative class. Consequently, Movant meets the requirements of Section 21D(a)(3)(B)(iii)(I)(aa)-(cc) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(aa)-(cc), and should be appointed as Lead Plaintiff in this action.

### B.     The Court should Approve Movant's Choice of Counsel

Pursuant to PSLRA §21D(a)(3)(B)(v), 15 U.S.C. §78u-4(a)(3)(B)(v), a lead plaintiff applicant shall, subject to court approval, select and retain counsel to represent the class. The inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff, and the choice of counsel is only an indicator – and a relatively weak one at that – of plaintiff's fitness. *In re Cavanaugh*, 306 F.3d at 733. It is lead plaintiff and not the court that selects counsel. *Id.* at 31-33. Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the court. *See id.* Movant has selected and retained Federman & Sherwood as Lead Counsel. Federman & Sherwood possess extensive experience in the areas of securities and other complex litigation. *See* Exhibit F to Federman Declaration. The Court can be assured that, in the event this Motion is granted, the members of the class will receive quality legal representation. Accordingly, the Court should approve Movant's selection of Lead Counsel.

### III.    CONCLUSION

For the reasons set forth above, the Court should: (1) appoint the Shihong Group as Lead Plaintiff in this action; (2) approve the Shihong Group's selection of Federman & Sherwood as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: September 11, 2009       Respectfully submitted,

_s/William B. Federman_

William B. Federman (WBF9124)
Attorneys for Movant
10205 N. Pennsylvania Ave.
Oklahoma City, OK  73120

11

Telephone: (405) 235-1560
Fax: (405) 239-2112
wfederman@aol.com
-and-

2926 Maple Ave., Suite 200
Dallas, TX 75201

## CERTIFICATE OF SERVICE

This is to certify that on September 10, 2009, I served a true and correct copy of the above and foregoing Movant The Shihong Group's Memorandum Of Law In Support Of Motion For Appointment Of Lead Plaintiff, And Approval Of Lead Plaintiff's Selection Of Lead Counsel by U.S. Mail, postage prepaid and affixed thereon, to:

Peter w. Carter
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1495

          s/William B. Federman
         William B. Federman